**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
:
DOLLAREATHA EDWARDS,
:
:
                    Plaintiff,        :        16-CV-8031 (LTS) (OTW)
:
      -against-              :        **ORDER**
:
PETER O'ROURKE,
:
:
                    Defendant.   :
-----------------------------------------------------------x

       **ONA T. WANG, United States Magistrate Judge:**

       It has come to the Court's attention that Plaintiff's counsel attempted to respond to the Order to Show Cause (ECF 62) but sent her email to an incorrect email address for the Court.

       On February 14, 2019, the Court received Plaintiff's request for extension of the fact discovery deadline—which had expired on November 9, 2018. (ECF 59).[1] The parties had not contacted the Court between November 9, 2018 and February 14, 2019. By Order to Show Cause dated February 19, 2019 (ECF 62), the Court directed Plaintiff to make a factual showing in support of her request for an extension of fact discovery, and to make any other showing of cause why sanctions should not be imposed by February 26, 2019. Receiving no response from Plaintiff, the Court denied Plaintiff's request for an extension of fact discovery on March 25, 2019. (ECF 64).

---

[1] That day, this Court received four letters from counsel seeking and/or objecting to extensions of time to file dispositive pretrial motions and to complete fact discovery. (ECF 58, 59, 60, 61).

1

On April 8, 2019, Plaintiff filed her "Rule 72 Objections" to this Court's order denying Plaintiff's request for an extension of fact discovery. (ECF 65). In that filing, Plaintiff represented that she had sent an email application to the undersigned on February 26, 2019. (*Id.*). Upon further review and investigation by the undersigned, it appears that Plaintiff's counsel mistyped the undersigned's Chambers email address in an email application on February 26, 2019, a hard copy of which was faxed to Judge Swain on April 8, 2019, but not sent to this Court. Notwithstanding the incorrect email address, and assuming the date of the faxed email was correct, no redelivery was attempted between February 26, 2019 and April 8, 2019.

Plaintiff's counsel is responsible for ensuring that submissions to the Court are received. Further, the Court is concerned that Plaintiff did not file a written application requesting an extension of fact discovery via CM/ECF by February 26, 2019 as directed in ECF 62. While the Court's Order to Show Cause allowed Plaintiff to file *support* for such an application via email, it explicitly directed Plaintiff to file a written application for an extension of fact discovery, and any other showing of cause why sanctions should not be imposed, via CM/ECF. (ECF 62). Plaintiff did not do so. Had she done so, she would have had confirmation that her filing was complete, and the Court could have addressed these issues without expending significant resources to review Plaintiff's "Rule 72 Objections" and to conduct its own inquiry regarding her assertion that she had timely responded to the Court's order.

Nevertheless, the Court has reviewed Plaintiff's email and supporting declaration provided to Judge Swain with her Rule 72 Objections. (ECF 65). Given the new facts provided in

1

Plaintiff's email and supporting declaration, the Court will construe her Rule 72 Objections as a motion to reconsider. According, it is **HEREBY ORDERED** that:

1. Plaintiff's application for an extension of fact discovery is **GRANTED** in part. This case has been in discovery since **October 2017**. In the intervening year and a half, Plaintiff has noticed only two depositions—those of Christopher Walls and Jodie Jackson—and completed only part of Jodie Jackson's deposition. Plaintiff has repeatedly requested extensions of the fact discovery deadline. (ECF 42, 44, 47, 59, 61). Further, Defendants represent that Plaintiff's counsel has served no discovery requests and has repeatedly cancelled scheduled depositions. (ECF 67). Therefore, discovery is reopened, and the fact discovery deadline extended to **May 20, 2019**, **for the limited purpose** of permitting the previously-noticed depositions of Christopher Walls and Jodie Jackson to proceed and be completed. **No further extensions will be granted absent good cause shown.**

2. Dispositive motions shall be served and filed on or before **August 16, 2019**.

3. The parties are directed to appear for a post-discovery status conference on **May 28, 2019 at 12:00 p.m.**

4. The parties are directed to appear before Judge Swain in Courtroom No. 17C, 500 Pearl Street, New York, NY 10007, for a final pre-trial conference on **February 21, 2020 at 10:00 a.m.** All other deadlines in the Court's October 4, 2018 Pre-Trial Scheduling Order (ECF 55) remain the same.

1

5. Plaintiff's counsel is directed to provide a copy of this Order to her client, Ms. Edwards, and provide proof, **<u>filed via CM/ECF</u>**, that she has done so, by **April 26, 2019**.

**SO ORDERED.**

|  |  |
|---|---|
|  | *s/ Ona T. Wang* |
| Dated: New York, New York | **Ona T. Wang** |
| April 19, 2019 | United States Magistrate Judge |