**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
DOLLAREATHA EDWARDS,

                  Plaintiff,                  16-CV-8031 (LTS) (OTW)

      -against-                       **ORDER**

ROBERT WILKIE, Secretary of the Department of Veterans Affairs,

                  Defendant.

-----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's letters requesting that the Court compel Defendant to comply with the document requests included in Plaintiff's May 9, 2019 Notices of Deposition[1] for Christopher Walls and Jodie Jackson. (ECF 70, 71). For the reasons set forth below, Plaintiff's application is **DENIED**.

Both depositions—those of Mr. Walls and Ms. Jackson—were previously noticed and originally scheduled for dates in June 2018. (ECF 39). Plaintiff's counsel began Ms. Jackson's deposition in 2018 but did not finish the deposition due to Plaintiff's counsel's health. (ECF 49). Plaintiff's counsel also canceled Mr. Walls's deposition due to her health problems. (ECF 43). In September 2018, not having completed the two depositions, Plaintiff requested an extension of

---

[1] Since Plaintiff previously noticed these depositions in 2018, the May 9, 2019 notices are duplicative and of no effect, presenting another basis for denial of Plaintiff's request to compel production of documents. As Defendant notes in its letter dated May 14, 2019, the original notices did not contain document requests. (ECF 72).

1

the fact discovery deadline. (ECF 47, 49, 50). At that time, Judge Swain had extended the fact discovery deadline four times already. (ECF 32, 37, 39, 46).

Upon receipt of Plaintiff's extension requests, this Court entered a scheduling order on October 4, 2018 extending the fact discovery deadline to November 9, 2018 for the limited purpose of permitting the deposition of Christopher Walls and the continued deposition of Jodie Jackson. (ECF 55). The Court heard nothing further from the parties for the next four months. On February 14, 2019, however, the Court received four letters from counsel seeking and/or objecting to extensions of time to complete fact discovery. (ECF 58, 59, 60, 61). Plaintiff still had not completed the depositions of Christopher Walls and Jodie Jackson.

Therefore, by Order to Show Cause (ECF 62), the Court directed Plaintiff to make a factual showing in support of her request for an extension of fact discovery by February 26, 2019. Receiving no response from Plaintiff, the Court denied Plaintiff's request for an extension of fact discovery on March 25, 2019. (ECF 64). Plaintiff objected to the Court's order, (ECF 65), claiming that she had responded to the Order to Show Cause, and upon further investigation by the Court, it was discovered that Plaintiff's counsel had sent her response to the Order to Show Cause to an incorrect email address. The Order to Show Cause had directed Plaintiff's counsel to file a written application for an extension of fact discovery via CM/ECF but allowed her to submit doctors' letters supporting her claim of health issues by email. (ECF 62). No written application was filed via CM/ECF. Upon reviewing the emailed response, the Court reopened discovery until May 20, 2019, but only for the limited purpose of permitting the previously-noticed depositions of Christopher Walls and Jodie Jackson. (ECF 68).

Plaintiff now seeks to compel Defendant to comply with the general document requests included in her recent notices of deposition. (ECF 70). The Court will not do so. Fact discovery closed on November 9, 2018. This Court reopened fact discovery until May 20, 2019, but only for the limited purpose of permitting the previously-noticed depositions of Ms. Jackson and Mr. Walls. (ECF 69). Nothing in the record indicates that Plaintiff sought documents from either deponent in June 2018 or at any other time before the close of discovery. In fact, Defendant has represented—and Plaintiff has not contested—that Plaintiff has not served any document requests whatsoever in this case. (ECF 67, 72). Plaintiff's requests are thus untimely.

Finally, in this Court's April 19, 2019 Order, Plaintiff's counsel was directed to provide a copy of the April 19, 2019 Order to her client, Ms. Edwards, and provide proof, filed via CM/ECF, that she had done so, by **April 26, 2019**. Plaintiff's counsel has not done so, in violation of the April 19, 2019 Order. The Court now further directs Plaintiff's counsel to provide a copy of both this Order and the April 19, 2019 Order to her client, Ms. Edwards, and provide proof, filed via CM/ECF, that she has done so, by **May 20, 2019**. Failure to do so may result in monetary sanctions without a further opportunity to be heard.

**SO ORDERED.**

Dated: May 15, 2019
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge