**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
DOLLAREATHA EDWARDS,

        Plaintiff,

        -against-

ROBERT WILKIE,

        Defendant.
-----------------------------------------------------------x

ROBIN COLLYMORE,

        Plaintiff,

        -against-

CITY OF NEW YORK, et al.,

        Defendants.
-----------------------------------------------------------x

No. 16-CV-8031 (LTS) (OTW)

No. 16-CV-8270 (LTS) (OTW)

**OPINION & ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

On January 14, 2020, Plaintiff Robin Collymore's counsel, Special Hagan, filed letter requests for my recusal in two separate but unrelated cases in which she is plaintiff's counsel: *Edwards v. Wilkie*, No. 16-CV-8031 (LTS) (OTW) ("*Edwards*") and *Collymore v. City of New York*, No. 16-CV-8270 (LTS) (OTW) ("*Collymore*").[1] Ms. Hagan argued that she has been the target of "animosity" from the bench as evidenced by the fact that her clients (collectively, "Plaintiffs") "have not received one favorable ruling." (*Collymore* ECF 94). At the January 16, 2020 telephone conference, Ms. Hagan stated that she was still considering whether she would move

---

[1] In the same letter, Ms. Hagan also requests recusal by Judge Swain in both of these cases. (ECF 94).

forward with a formal recusal motion and requested until January 21, 2020 to make her decision. *Collymore* Jan. 16, 2020 Conf. Tr. at 25:25-26:12. On January 21, 2020, Ms. Hagan filed a letter informing the Court of her intention to file a recusal motion and requested a deadline of January 28, 2020, which the Court granted. (*Collymore* ECF 100; ECF 102). To date, no recusal motion has been filed in either *Collymore* or *Edwards*. Nevertheless, to give Plaintiffs the benefit of the doubt, the Court will construe the initial January 14, 2020 letter as a motion for recusal. (*Collymore* ECF 94). For the following reasons, the motion for my recusal is **DENIED**.

I. **Background**

   A. ***Edwards***

Dollareatha Edwards, represented by Ms. Hagan, sued the Secretary of the Department of Veterans Affairs on October 13, 2016, alleging gender and disability discrimination in her employment with the Department of Veterans Affairs. (ECF 1). Before the matter was assigned to me, the parties had already requested and received four[2] extensions of the fact discovery deadline, ultimately moving the fact discovery deadline from its initial date of March 26, 2018 to September 10, 2018. *See id.*, ECF 29; ECF 32; ECF 37; ECF 41; ECF 46.

Ms. Hagan's first extension request did not state a reason for the extension. *Id.*, ECF 31. Ms. Hagan's second extension request, two months later, was attributed to "internal office issues" and then Ms. Edwards' health issues. *Id.*, ECF 33. Defendant then requested an extension on June 12, 2018 due to the need for the plaintiff to complete her document production and to reschedule a deposition adjourned due to the deponent's illness. *Id.*, ECF 39.

---

[2] Three of the four extensions were granted by Judge Swain, with the other extension granted by Judge Analisa Torres, sitting as the Part I judge. *Id.*, ECF 41.

2

Ms. Hagan disputed the defendant's characterizations, calling the deponent's illness "mysterious" and attributing any delay in discovery to defense counsel's "imminent maternity leave." *Id.*, ECF 40. Ms. Hagan made the fourth extension request to "obtain additional fact discovery from the defendant[]" because of her own "bouts with illness" and her having two other cases nearing trial. *Id.*, ECF 44. The request did not state what specific discovery was still outstanding. *Id*. At this last extension, Judge Swain noted that she would grant no further extensions to the discovery deadline. *Id.*, ECF 46.

The matter was then assigned to me for general pretrial management. *Id.*, ECF 51. On September 10, 2018, the day fact discovery was scheduled to close, Ms. Hagan requested a 60-day extension to accommodate two outstanding depositions that had not been completed due to "ongoing health, personal problems and scheduling conflicts." *Id.*, ECF 47. Ms. Hagan made no mention of what discovery had been completed to-date. Ms. Hagan also noted she had two other cases that were about to go to trial. *Id*. The Court granted the plaintiff's request, extending the fact discovery deadline to November 9, 2018. *Id.*, ECF 55. The order expressly noted that fact discovery was extended "for the limited purpose of permitting the deposition of Christopher Walls and the continued deposition of Jodie Jackson." *Id*. As Judge Swain had done, this Court warned that no further discovery extensions would be granted. *Id*.

After fact discovery closed on November 9, 2018, neither party raised any issue with the Court until February 14, 2019, when the defendant indicated that he intended to file a summary judgment motion.[3] (ECF 58). Later that day, Ms. Hagan requested a re-opening of

---

[3] After the discovery deadlines passed, the case was stayed from December 27, 2018 through January 28, 2019 due to a lapse in funding from the federal government. (ECF 56).

discovery due to her need for "additional time to [] complete fact discovery" despite fact and expert discovery closing months earlier. *Id.*, ECF 59. Ms. Hagan did not, however, specify what additional discovery was needed. On February 19, 2019, this Court issued an order to show cause in writing why the plaintiff should not be sanctioned in light of the failure to request an extension before the discovery deadlines had passed. *Id.*, ECF 62. Because the plaintiff only listed generalized reasons for the extension request,[4] she was directed to file a renewed application for re-opening discovery that provided support for the request, including a doctor's letter if the need for re-opening discovery was the result of health issues. *Id*. The plaintiff was permitted to submit any confidential supporting documentation *ex parte* by email. *Id*.

On March 25, 2019, this Court declined to sanction the plaintiff but denied the request for a discovery extension in light of the plaintiff's failure to file *any* response to the order to show cause. *Id.*, ECF 64. On April 8, 2019, the plaintiff filed objections to the March 25 order, claiming that she *had* responded to the order to show cause. *Id.*, ECF 65. Upon further examination, it became evident that contrary to the Court's February 19 order to file a response, Ms. Hagan attempted to email the plaintiff's response but mis-typed the Chambers email address. *Id.*, ECF 68. In the plaintiff's objections, plaintiff admitted that the Walls and Jackson depositions <u>still</u> had not been completed, and in addition, now wanted to both depose an additional witness, Jackson Chin, and "pursue ESI." *Id*. This Court denied the plaintiff's request for new discovery but reopened fact discovery until May 20, 2019 for the sole purpose

---

[4] Although plaintiff referenced her previous illnesses which necessitated her earlier extension requests, plaintiff failed to cite any specific reason why she failed to make this most recent request *before* the discovery deadlines passed. *Id.*, ECF 59. Plaintiff blamed any delays in discovery to the government shutdown and the subsequent stay of the case, which lacks justification given that the shutdown and stay of the case occurred *after* both discovery deadlines had passed. *See id*.

4

of completing the two previously-noticed depositions of Mr. Walls and Ms. Jackson (this was the same reason for which discovery had been extended in September 2018, *see supra*). *Id*. As the defendant noted, the plaintiff had served no discovery requests during the nearly year-long discovery period and provided no reason why she could not have made a timely request for an extension. *Id.*, ECF 67. Ms. Hagan later admitted that she had not served any discovery requests on the defendant, but contended that her client "has always been aware of this fact and did not have any problem with my approach." *Id.*, ECF 79 at 2.

On May 13, 2019, a week before the discovery deadline, the plaintiff requested Court intervention to compel the defendant to respond to newly-issued document requests. *Id.*, ECF 70.[5] That application was denied as untimely, because previous Court orders were clear that since October 4, 2018 fact discovery had been limited to completing the Walls and Jackson depositions. *Id.*, ECF 74. On June 17, 2019, after discovery had finally closed, the plaintiff filed a motion for sanctions, requesting as relief the re-opening of fact discovery so that the plaintiff could serve requests for admission and document requests. *Id.*, ECF 85. As the basis for such sanctions, the plaintiff cited the number of defense counsel's objections at the Walls and Jackson depositions. *Id.*, ECF 85. That motion was denied on November 13, 2019, after this Court found that defense counsel's objections, though numerous, were neither improper nor made in bad faith. *Id.*, ECF 146. The plaintiff objected to the November 13 sanctions decision pursuant to Rule 72, but Judge Swain overruled the objections. *Id.*, ECF 163. As noted above,

---

[5] Although this Court had expressly limited discovery to the two outstanding depositions, the plaintiff attempted to circumvent that restriction by attaching new document requests to the deposition notices for Mr. Walls and Ms. Jackson the plaintiff re-issued on May 9, 2019. *See id.*, ECF 71-2 and 71-3. Defendant noted—undisputed by Ms. Hagan—that previously-served deposition notices for those two deponents did not include any document requests. *Id.*, ECF 72.

5

Ms. Hagan's request for leave to file a recusal motion by January 28, 2020 was granted, but, to date, no motion has been filed. *See id*., ECF 170.

### B. *Collymore*

After *Collymore* was referred to this Court for general pretrial management on July 18, 2019, the Court scheduled an initial case management conference for October 31, 2019 at noon. (ECF 69; ECF 76). At 9:58 a.m. on the day of the conference, Ms. Hagan, plaintiff's counsel, filed a letter request to appear telephonically because "it appears that [she was] coming down with a cold." (ECF 80). That request was denied, and Ms. Hagan appeared at the conference. (*See* ECF 81).

On December 5, 2019, plaintiff filed a letter motion regarding defendants' failure to produce documents and defendants' preference to use the Court's Model ESI Protocol rather than plaintiff's preferred customized protocol. (ECF 83). In response, defendants noted that the deadline to produce the documents had not yet passed and that, in violation of the Court's Individual Practices, plaintiff had failed to first engage in a meet and confer before seeking Court intervention. (ECF 84). Accordingly, this Court denied plaintiff's letter motion as premature. (ECF 85). That same day, plaintiff filed objections to that order, which were subsequently overruled by Judge Swain. (ECF 88).

On January 13, 2020, three days before a scheduled status conference, Ms. Hagan requested an adjournment of the conference because she had also scheduled a deposition on that day in a separate matter pending in the Southern District of New York. (ECF 91). On January 14, 2020, this Court permitted Ms. Hagan to request a telephonic appearance instead but because Ms. Hagan represented that the deposition would last all day, directed that she

provide a copy of the order to defense counsel in the separate matter in which she had a deposition. (ECF 92). In response, Ms. Hagan filed a letter later that day requesting the recusal of both Judge Swain and this Court from both of her matters, *Collymore* and *Edwards*. (ECF 94). Although acknowledging that she had missed deadlines in *Edwards*, Ms. Hagan asserts that she is being treated "unfairly and harshly" in *Collymore* as a result of her "missteps" in *Edwards*. (*Id*.) After Ms. Hagan confirmed that she wished to proceed with filing a formal recusal motion by January 28, 2020, this Court granted the request, but no motion has been filed to date. (ECF 102).

## II. Legal Standard

A motion for recusal is governed by 28 U.S.C. §455, which requires recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Second Circuit has defined this as whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, whether 'a reasonable person, knowing all the facts,' would question the judge's impartiality." *See United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003). In addition, 28 U.S.C. §455 lists a number of circumstances in which a judge should recuse herself, including, *inter alia*, "[w]here [she] has a personal bias or prejudice concerning a party."[6] 28 U.S.C. § 455 (b). "[T]he grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).

---

[6] Section 455 also enumerates other reasons for recusal, such as having a financial, professional, or personal interest in the matter, neither of which are alleged here. 28 U.S.C. § 455(b)(2)-(5).

7

"The Second Circuit has made clear that the 'judge presiding over the case is in the best position to appreciate the implications of those matters alleged in a recusal motion.'" *Fifty-Six Hope Road Music Ltd. v. UMG Recordings, Inc.*, No. 08-CV-6143 (KBF), 2011 WL 6153708, at *3 (S.D.N.Y. Dec. 7, 2011) (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)); *see also Ramirez v. United States*, No. 10-CV-4343 (WHP), 2012 WL 3834675, at *1 (S.D.N.Y. Aug. 22, 2012) (recusal motions are determined by the judge "to whom the motion is directed"). "Movants must overcome a presumption of impartiality, and the burden of doing so is 'substantial,'" meaning that the motion must contain more than "vague contentions." *Thomas v. Trustees for Columbia Univ.*, 30 F. Supp. 2d 430, 431 (S.D.N.Y. 1998).

### III. Discussion

#### A. Recusal in *Edwards*

Ms. Hagan fails to provide any evidence of bias or partiality in the Court's rulings or conduct in *Edwards*. As described in detail in the background section above, any prejudice to Ms. Edwards stemmed not from the Court's actions, but from Ms. Hagan's dereliction in her duty to conduct discovery to support her client's case. The Court did not force Ms. Hagan to wait until the last minute or after a deadline had passed before seeking an extension. *See, e.g.*, *Edwards*, ECF 31, ECF 47, ECF 59. Lack of diligence notwithstanding, the plaintiff still received *five* discovery deadline extensions, contradicting Ms. Hagan's assertion that she received no favorable rulings.[7] *See id.*, ECF 32, ECF 37, ECF 41, ECF 46, ECF 55, ECF 68. Months after

---

[7] The Court is also concerned about a number of mischaracterizations made by Ms. Hagan in *Edwards*. Ms. Hagan asserted that she had responded to the February 19, 2019 Order to Show Cause via email, which was the "methodology prescribed by Judge Wang." *Edwards*, ECF 65. This mis-states the Order to Show Cause, which expressly states that the doctor's letters could be submitted *ex parte* via email but that the renewed "application for an extension of written discovery, and any other showing of cause why sanctions should not be imposed, shall

discovery finally closed, Ms. Hagan revealed that she needed additional discovery, *e.g.*, requests for documents, without explaining why that discovery was not sought earlier. *Id.*, ECF 65. Defense counsel pointed out—undisputed by Ms. Hagan—that throughout the approximately eleven months of unlimited fact discovery,[8] Ms. Hagan's only efforts in discovery were completing half the deposition of Jodie Jackson and noticing the deposition of Christopher Walls. *Id.*, ECF 67. Within the discovery period, Ms. Hagan did not serve *any* discovery requests or conduct *any* expert discovery. *Id*.

The Court's denial of Ms. Hagan's last-ditch attempt to reopen fact discovery by means of a sanctions motion was based on the merits, or lack thereof, of the motion. Ms. Hagan points to nothing in the sanctions decision that displays bias or animosity.[9] To the extent that Ms.

---

be filed via CM/ECF on or before Tuesday, February 26, 2019 at 5:00 p.m." *Edwards*, ECF 62. As noted above, the plaintiff did not file anything on the docket by February 26.

In the plaintiff's February 14, 2019 response to the defendants' opposition to another fact discovery extension, the plaintiff misrepresented that the Court granted "extensions for all fact discovery," when the October 4, 2018 order expressly stated that fact discovery was only extended "for the limited purpose of permitting the deposition of Christopher Walls and the continued deposition of Jodie Jackson." *Edwards*, ECF 55; ECF 61.

In her objections to my March 25, 2019 order, Ms. Hagan argued that this Court had failed to include in my order language that reminded parties that they had 14 days to object to the order "which is standard practice in the Southern District." *Edwards*, ECF 65. That is not accurate: the notice of the objection period is typically included in a magistrate judge's report & recommendation, not in non-dispositive orders such as the March 25 order. *See Caidor v. Onondaga Cty*, 517 F.3d 601, 604-05 (2d Cir. 2008) (finding notice of objection period is only required for *pro se* litigants receiving a report & recommendation under Rule 72(b)). Nor does Ms. Hagan point to anywhere in case law, the Local Rules, or the Federal Rules of Civil Procedure requiring such language. The reason why such notice is not required for counseled cases, such as this one, is because attorneys are expected to know how to read Rule 72.

[8] On October 17, 2017, Judge Swain entered the initial pre-trial scheduling order setting discovery deadlines. *Edwards*, ECF 29. On July 31, 2018, Judge Swain extended the fact discovery deadline one final time to September 10, 2018. *Id.*, ECF 46. All subsequent extensions of the fact discovery deadline after September 10, 2018 were for the limited purpose of completing the previously-noticed Walls and Jackson depositions. *See id.*, ECF 55, 68.

[9] Ms. Hagan argues that she should have won on the sanctions motion based on the number of defense counsel's objections in the transcript, a factor the Court explained was not dispositive. *See Edwards*, No. 16-cv-8031 (LTS) (OTW), 2019 WL 5957171, at *3 (S.D.N.Y. Nov. 13, 2019) (finding the numerous objections not inappropriate and

9

Hagan asserts the unfavorable decision shows bias because "my clients have not received one favorable ruling," ECF 94, "[p]rior adverse rulings 'without more, . . . do not provide a reasonable basis for questioning a judge's impartiality.'" *See Schiff v. United States*, 919 F.2d 830, 834 (2d Cir. 1990); *see also Petrucelli v. U.S.*, No. 14-CV-9310 (TPG), 2015 WL 5439356, at *5 (S.D.N.Y. Sept. 15, 2015) ("decisions adverse to a [party] do not merit recusal").[10] If it were otherwise, judges would need to constantly recuse themselves as almost every ruling is by definition unfavorable to at least one side. *See United States v. Occhipinti*, 851 F. Supp. 523, 528 (S.D.N.Y. 1993) (noting that if the party believed the ruling was incorrect, the proper procedure was to appeal, not seek recusal); *see also Schiff*, 919 F.2d at 834 ("[W]ere we to adopt the bright line rule that [plaintiff] suggests, litigious individuals might run out of judges before whom their cases could be heard.").

Lastly, Ms. Hagan references the Court's requests for "documentation above and beyond the pale to receive courtesies afforded lawyers in the due course of practice before the Court." (ECF 94). This is in reference to the plaintiff's *fifth* fact discovery extension request, after which the Court required "doctor's letter(s)" if the plaintiff were to still argue that discovery could not be timely completed due to health reasons. *See Edwards*, ECF 62. In previous extension requests, Ms. Hagan had often cited health as the reason for needing an extension while acknowledging that she was still working on other cases. *See id.*, ECF 33; ECF

---

not impeding the completion of the deposition). Moreover, the instant motion appears to be improperly rearguing sanctions.

[10] Allegations of bias due to unfavorable outcomes are not confined to the area of law. *See* Ben Dowsett, *The NBA's Referee "Problem" Will Last as Long as We Want It To*, FORBES, (May 1, 2019, 9:45 AM), https://www.forbes.com/sites/bendowsett/2019/05/01/the-nbas-referee-problem-will-last-as-long-as-we-want-it-to/#27db30a674b7 ("Fans of teams who fall short in the playoffs are just dying to believe some outside source like referees took away their glory. That's much easier than accepting that the guys you root for came up short.").

10

44; ECF 59. The fact that the Court waited until the plaintiff's fifth extension request—months after discovery closed—to request supporting documentation shows patience, not bias. Accordingly, Ms. Hagan has not met her high burden of showing bias or partiality in *Edwards*.

### B. Recusal in *Collymore*

In *Collymore*, as evidence of "animosity" towards her, Ms. Hagan points to the denial of her request for a discovery conference and the denial of her request to adjourn a conference when "it appear[ed]" she was coming down with a cold. (ECF 80; ECF 94). As described above, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, Ms. Hagan was not "treated unfairly and harshly" by the Court for having to suffer the inconvenience of attending a conference for which she did not make a request to appear telephonically until two hours before the scheduled conference. (ECF 80; ECF 94).

Although Ms. Hagan acknowledges her error in scheduling a deposition at the same time as the status conference in *Collymore*, she takes issue with the Court's order to inform opposing counsel at the deposition of this scheduling conflict. (ECF 94). Ms. Hagan suggests that such an order was solely to damage her reputation, as opposed to helping inform counsel in that separate matter why a break in the deposition to accommodate the telephonic appearance was necessary. (*Id.*) Ms. Hagan does not cite any evidence of this suggested hostile intent but merely makes the assumption of animosity by the Court. This falls short of the necessary showing for bias and partiality.

## IV. Conclusion

For the foregoing reasons, Plaintiff's request for this Court's recusal in *Edwards* and *Collymore* is **DENIED**.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: April 6, 2020
New York, New York

**Ona T. Wang**
United States Magistrate Judge