UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

DOLLAREATHA EDWARDS,

                                 Plaintiff,

-against-                                                              CIVIL ACTION NO.
                                                                                 16-8031(JSR)(OTW)

DENIS R. MCDONOUGH
*Secretary for the Department of Veterans Affairs*

                                 Defendants.

------------------------------------------------------------------------ X

PLAINTIFF DOLLAREATHA EDWARDS'S
MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
GRANTING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND WITNESS TESTIMONY

Dollareatha Edwards ("Plaintiff") by and through her counsel, files this motion for reconsideration of the Court's order granting Defendants' motion in limine: to exclude testimony and evidence pertaining to Defendants' denial of Plaintiff's requests to telework; and to preclude the testimony of Plaintiff's sister Veronica Edwards and former supervisor Erik Anderson.  For the reasons set forth below, Plaintiff asserts that the Court's ruling would: prejudice Plaintiff's ability to present evidence that pertains to Defendants' intent and deliberate indifference; it would deprive her of the ability to fully litigate her hostile work environment and constructive discharge claims;  and it would deny her the ability to corroborate the extent of her damages by way of her sister's testimony.   Accordingly, Plaintiff requests that the Court reconsider its rulings, and that it issue a written disposition of its rulings to preserve the record.

### A. Evidence and Testimony About Defendants' Denial of Plaintiff's Telework Requests is Necessary to Demonstrate Intent and Context

It has generally been determined that acts that have taken place outside of the statutory period, may still be admissible and probative as background evidence to support a claim based on alleged conduct that falls within the limitations period. McGinest v. GTE Corp., 360 F. 3d 1103, 1114 (9th Cir. 2004); see also Petrosino v. Bell Atlantic, 385 F.3d 210, 220 (2d Cir. 2004)  In this instance, Plaintiff respectfully argues that Defendants' denial of her telework requests in March and May of 2013, are integral to her ability to provide background and context for her claims.

Plaintiff argues that in 2013 she was arbitrarily removed from telework.  Up until her removal from the program, Plaintiff informally participated in telework two to three days of the week. The parties have previously stipulated that Hurricane Sandy took place in or around October 29, 2012.  Plaintiff also contended that Hurricane Sandy had a devastating impact on the Manhattan VA Campus, which also caused her to have more asthma attacks.  Upon witnessing Plaintiff's multiple trips to the VA's ER and her increased absenteeism, Plaintiff's former supervisor, Erik Anderson, suggested that she telework.

### B. Erik Anderson's Testimony is Essential to Establishing Pretext

Plaintiff's former supervisor Erik Anderson suggested that Plaintiff telework in 2012. Ms. Edwards's ability to perform the essential functions of her job needs to be established in order for her claims to remain viable. As such, Mr. Anderson can also testify about Plaintiff's performance while he was her supervisor and while she teleworked.  He can also testify about her work assignments before Defendants took steps to effectuate her constructive discharge by assigning her work that would require her to come into the office.

It is also Plaintiff's position that she would be greatly prejudiced if the Court does not allow her to present evidence surrounding the time she teleworked and Defendants' subsequent denial.  Specifically, should the Court exclude any discussion of teleworking, then Plaintiff would not be able to litigate all of the reasonable accommodations that would have permitted her to perform the essential functions of her job.  Concisely, parking on the VA's Manhattan Campus was not the only Plaintiff's only option.  Thereby, to permit the case to go forward without any mention of Plaintiff's previous teleworking or attempts to formally continue in that capacity would be misleading and would effectuate a grave injustice.

Accordingly, Plaintiff anticipates that she would be referencing teleworking during her opening, direct examination and by way of her witnesses Erik Anderson and her sister Veronica Edwards. Consistent with FRE 404(b) and the inclusionary rule, Plaintiff contends that the requested evidence and testimony are relevant and are more probative than prejudicial under FRE 403.  <u>Lovejoy-Wilson v. Noco Motor Fuels, Inc.,</u> 242 F. Supp. 2d 236, 250 (S.D.N.Y. 2003)

### C. Veronica Edwards Should Be Permitted to Testify to Corroborate Plaintiff's Damages

Courts have held that damages awards must be supported by competent evidence concerning the injury.  <u>Small v. City of New York,</u> 09-CV-1912(RA), 2022 U.S. Dist. LEXIS 77603, at * 46 (S.D.N.Y. April 28, 2022) citing <u>Patrolmen's Benevolent Ass'n of City of New York, v. City of New York</u>, 310 F.3d  43. 55 (2d Cir. 2002) To reiterate this point, the Court held in <u>Smalls</u> that the subjective testimony of Plaintiff alone  was insufficient, and that her testimony should be corroborated by witnesses.  <u>Id</u>.

Therefore, consistent with precedent, Plaintiff seeks to have her sister Veronica Edwards testify in further support of her claims.  Plaintiff spoke with her sister on a daily basis.  Veronica Edwards also witnessed the physical, emotional and financial changes that her sister experienced during the time relevant.  She can corroborate Plaintiff's claims that her health deteriorated because of Defendants' actions and work assignments.  She also witnessed first-hand the deleterious effect of Defendants' refusal to accommodate and to assign her work consistent with her classification and grade scale.

Veronica Edwards can also corroborate Plaintiff's efforts to formally participate in the telework program.  Lastly, Veronica Edwards played an essential part in Plaintiff's decision to resign from the VA. She will testify that she and her sister spoke daily, that they were both concerned about her health, and that they were even more distressed about the VA's callous disregard for her safety and life.  As such, Veronica Edwards would also corroborate Plaintiff's state of mind during the time relevant.  Again, Plaintiff avers that precluding Veronica Edwards's testimony would be highly prejudicial and therefore asks the Court to respectfully reconsider its rulings.

Dated: Queens, New York
August 1, 2022

/s/
_____
Special Hagan, Esq.
Attorney for Dollareatha Edwards
Law Offices of Special Hagan
88-08 Justice Avenue 16i
Elmhurst, New York 11373
(917) 337-2439
special@haganlawoffices.net